### VUCCI v. PELLETTIERI et al.

(Supreme Court, Appellate Term. July 7, 1908.)

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—WAIVER OF OBJECTIONS.

A party to an action in the Municipal Court, who by stipulation waives his right to urge objections to the method by which some evidence was taken and to the fact that the case was not decided within 14 days, cannot on appeal rely on such objections.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 1008–1014.]

2. HUSBAND AND WIFE—LIABILITY OF WIFE—IMPROVEMENTS ON WIFE'S REAL ESTATE.

Where a married woman was personally liable for plumbing work done on her premises, to remove violations filed by a department of the government of the city in which the premises were situated, the fact that the plumber was ordered to do the work by the husband was immaterial, on the issue of the liability of the vendor of the premises, contracting to remove all violations.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Husband and Wife, §§ 148, 149.]

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Anna Vucci against Egidio Pellettieri and another. From a judgment of the Municipal Court for plaintiff, defendants appeal. Affirmed.

See 103 N. Y. Supp. 104.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Oscar Erlanger, for appellants.
Rosendale & Dodd, for respondent.

SEABURY, J. The plaintiff purchased certain premises from the defendants, and the defendants agreed to remove all "violations" upon said property within 30 days from the date of agreement. Certain "violations" filed by the tenement house department in relation to the plumbing work were placed upon the property. These "violations" the defendants did not remove within the time agreed. The plaintiff seeks in this action to recover damages resulting from this breach of the contract. She caused the necessary plumbing work to be done to permit the removal of the "violations," and claimed $115 as dam-

age, for which sum judgment was rendered. Upon the trial the defendants admitted liability to the plaintiff, but disputed the amount of her alleged damage.

There is no good reason for this appeal. The objections urged were purely technical and destitute of merit. Thus the appellant objects to the method by which some of the evidence was taken, and to the fact that the case was not decided within 14 days; and yet by his own stipulations he waived the right to urge either of these objections. The plumber who made the repairs testified to the value of the work which he did, and the judgment is sustained by the evidence. The title to the premises in question was in the plaintiff, who was clearly shown by the evidence to be liable to the plumber for the work which he did upon them. That the order to the plumber to do the work was given by the plaintiff's husband, instead of the plaintiff personally, is wholly immaterial, as the record shows that the plaintiff was personally liable for this work.

The judgment should be affirmed, with costs.

GILDERSLEEVE, P. J., concurs.

MacLEAN, J. (dissenting). Coincident with the passing, between the plaintiff, vendee, and the defendants, vendors, of title to a piece of property, the defendants agreed in writing to pay all expenses necessary to comply with and procure a dismissal of a certain "violation" of Tenement House Law, Laws 1901, p. 889, c. 334. This action, wherein the plaintiff has a recovery for $115, is for alleged outlay under said agreement. From the return, physically in such awkward shape that it is hard to follow and scarcely possible to correlate with the briefs, it is difficult to make out the cost of compliance with the "violation" and how much was the disbursement for general betterment of the building; the plumber professing he did his work conscientiously and so apparently repairing what he met. True it is the defendants by their attorneys conceded "that the only issue to be tried in this case between the plaintiff and the defendant is the question of damages and the measure of damages"; but the concession may not be said to import that the plaintiff was damaged in the sum testified to as the cost of repairs in order to satisfy the tenement house department and to procure the removal of the "violations." That was in issue, and was not proven by the testimony of the plumber who made the repairs, because he testified that the plaintiff did not pay him, that he had no business transactions with her at all, that Mr. Vucci paid him, and that he made the agreement with Mr. Vucci. Whether Mr. Vucci was or was not Anna Vucci's agent does not appear, nor might it be spelled from their relation, if married; for while, under some circumstances, the wife has been held agent of the husband by implication from their relation, the converse has never been so determined.

The judgment should be reversed, and a new trial ordered.